UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 14-154 |
| VINCENT P. JONES | SECTION: "J" |

### ORDER & REASONS

Before the Court are a *Motion for Compassionate Release* **(Rec. Doc. 825)** filed by Defendant Vincent P. Jones, an opposition thereto (Rec. Doc. 832) filed by the Government, and a reply (Rec. Doc. 836) filed by Defendant. Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

Defendant was indicted in 2014 for engaging in a conspiracy to possess and distribute more than one kilogram of heroin, to which he plead guilty on October 15, 2015. (Rec. Docs. 1, 365). With a total offense level of 27 and criminal history category III, his guidelines range was 87 to 108 months of imprisonment. (Rec. Doc. 459). However, as the statutorily required minimum sentence of 20 years was greater than the maximum of the applicable advisory guideline range, the guideline term of imprisonment was 240 months. *Id.* Ultimately, on April 28, 2016, Defendant was sentenced to 180 months of imprisonment. (Rec. Doc. 479).

On or about July 21, 2020, Defendant requested that BOP file a motion for compassionate release on his behalf. On October 29, 2020, Defendant refiled his application, which was subsequently denied. Defendant requested an administrative remedy on November 13, 2020, which was denied. On January 12, 2021, Defendant filed the instant motion for compassionate release in this Court. (Rec. Doc. 825).

## **LEGAL STANDARD**

"A court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). To meet the exhaustion requirement, a defendant must submit a request to "the warden of the defendant's facility" for the BOP "to bring a motion [for compassionate release] on the defendant's behalf." § 3582(c)(1)(A). If the request is denied, the defendant must pursue and exhaust "all administrative rights to appeal." *Id.* Alternatively, the requirement is considered satisfied after "30 days from the receipt of such a request by the warden." *Id.* The exhaustion requirement is mandatory but not jurisdictional, meaning it may be waived if the Government does not raise it. *See United States v. Franco* 973 F.3d 465, 468 (5th Cir. Sept. 3, 2020); *see also Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1849 (2019).

In addition to finding extraordinary and compelling reasons, the Court must also find that a sentence reduction "is consistent with applicable policy statements

issued by the Sentencing Commission." *Id.* The U.S. Sentencing Guidelines provide that a reduction should be granted only if "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2) (p.s.).

If the Court grants a sentence reduction, it may impose a term of supervised release with conditions, including home confinement, "that does not exceed the unserved portion of the original term of imprisonment." § 3582(c)(1)(A).

## DISCUSSION

As an antecedent matter, it is undisputed that Defendant has satisfied the procedural requirements necessary to bring a compassionate release motion on his own behalf. Because Defendant's motion for compassionate release is properly before the Court, the Court must determine whether Defendant has met his burden of proving that he is entitled to a sentence reduction under § 3582(c)(1)(A). *See United States v. Jones,* 836 F.3d 896, 899 (8th Cir. 2016).

When deciding whether to grant compassionate release, the Court must first determine whether Defendant has demonstrated "extraordinary and compelling reasons" to justify the reduction of his sentence and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). The Sentencing Commission's policy statement defines "extraordinary and compelling reasons" to include certain specified categories of medical conditions. § 1B1.13, cmt. n.1(A). Specifically, Defendant must be suffering from either a "terminal illness" or a "serious physical or medical condition … that substantially diminishes the ability of the defendant to provide self-care within the

3

environment of a correctional facility and from which he or she is not expected to recover." *Id.*

The CDC has published two lists of diseases which cause or may cause increased risk of severe illness from COVID-19 infections. The first list includes diseases that definitely cause an increased risk of severe illness from COVID-19 infections, and the second list includes diseases that might cause an increased risk of severe illness from COVID-19 infections.[1]

The Government concedes that, if an inmate has established that he has a chronic medical condition from which he is not expected to recover and that condition constitutes a CDC risk factor that definitely elevates the inmate's risk of becoming seriously ill from COVID-19, then the inmate has showed that he suffers from a serious medical condition. (Rec. Doc. 832, at p. 14). However, the Government explains that these medical conditions would only meet the standard of "extraordinary and compelling circumstances" if the inmate would have a diminished ability to provide self-care to prevent serious injury or death as a result of infection with COVID-19 within the environment of a correctional facility. *Id.*

In the present case, Defendant's medical records show that he suffers from high blood pressure, high cholesterol, and obesity. (Rec. Doc. 825-1, at p. 4). Although high blood pressure and high cholesterol are identified as illnesses that might increase the risk of severe illness if infected with COVID-19, Defendant is currently

---

[1] *Certain Medical Conditions and Risk for Severe COVID-19 Illness*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#heart-conditions (last visited March 26, 2021)

prescribed medication to treat these illnesses. *Id.* However, according to the CDC, obesity is a medical condition that definitely presents an increased risk of a severe outcome from COVID-19. Thus, under the Government's concession, Defendant has established that he suffers from at least one serious medical condition.

On the other hand, Defendant has previously tested positive for COVID-19 and was asymptomatic. (Rec. Doc. 832-2). Therefore, although Defendant has shown that he suffers from a serious medical condition, Defendant has not shown that the prison is unable to treat him for COVID-19 symptoms in the event that he suffers from COVID-19. Further, Defendant has already received the Pfizer COVID-19 vaccine. (Rec. Doc. 832-3). According to the CDC, the COVID-19 vaccines available in the United States are highly effective at preventing COVID-19 and may also reduce the risk of serious illness in the case of a COVID-19 infection.[2] Thus, Defendant has failed to show that his medical conditions make him unable to care for himself or would make him unable to care for himself if reinfected with COVID-19 within the confines of the prison.

For these reasons, the Court finds that Defendant has not satisfied his burden of demonstrating extraordinary medical circumstances that warrant compassionate release.

## CONCLUSION

Accordingly,

---

[2] *Benefits of Getting a COVID-19 Vaccine*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html (last visited March 26, 2021)

5

**IT IS HEREBY ORDERED** that Defendant's *Motion for Compassionate Release* **(Rec. Doc. 825)** is **DENIED**.

New Orleans, Louisiana, this 29th day of March, 2021.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE